**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERIN SIEGAL MCINTYRE,<br>*Plaintiff*,<br>v.<br>U.S. CUSTOMS AND BORDER PROTECTION,<br>*Defendant.* | Civil Action No. 21-cv-3157 (BAH) |

**JOINT STATUS REPORT**

Pursuant to the Court's September 17, 2026 Minute Order, Plaintiff and Defendant, U.S. Customs and Border Protection ("Defendant" or "CBP"), by and through undersigned counsel, hereby provide the following joint status report.

1. Plaintiff filed this action under the Freedom of Information Act ("FOIA") on December 2, 2021. At this time, two of Plaintiff's FOIA requests remain outstanding:

   a. **FOIA Request No. 2020-013324:** "Copies of any and all documents related to complaints and complaint investigations related to the Border Patrol Training Academy between the years 1990 to 2000 and 2013 to the present."

   b. **FOIA Request No. 2020-013867:** "Any and all documents related to complaints and investigations into the use of 'rape tables' and hazing rituals in the CBP between 2009 and the present, including but not limited to records related to the 2017 incident in Newark involving CBP officers being assaulted on a 'rape table' at the Newark Airport in Newark, New Jersey."

2. During the April 17, 2026 Status Conference, the Court directed Defendant to produce all outstanding documents responsive to both Requests by August 1, 2026. Tr. at 21.

3. In its April 17 Minute Order, the Court directed that, by September 1, 2026, Defendant "file a draft *Vaughn* Index explaining any and all withholdings on records produced to plaintiff as of August 1, 2026, which is the date by when defendant has represented that documents,

other than videotapes, responsive to CBP Requests Nos. 2020-013324 and 2020-013867, will be completed." It further directed Plaintiff to "describe any preliminary issues identified in the draft *Vaughn* Index and indicate whether dispositive briefing is necessary to resolve this matter" in today's joint status report. Finally, it directed that "the parties confer and jointly submit a proposed briefing schedule for dispositive motions" by October 1, 2026.

4. On September 1, 2026, CBP produced the draft *Vaughn* Index. On September 11, 2026, counsel for the parties met and conferred regarding the draft *Vaughn* Index. Plaintiff described the outstanding deficiencies in CBP's productions to date. On September 16, Defendant's counsel conveyed CBP's responses as to each of Plaintiff's points of dispute on the agency's eight interim responses to date (attached as **Exhibit A** to the Declaration of Patrick J. Curran Jr.).

5. On September 17, 2026, the Court directed the parties to "inform[] this Court of whether dispositive briefing will be necessary, and if so, proposing a briefing schedule" in today's joint status report.

6. **Plaintiff's position:** In its September 16 supplemental responses, CBP disclosed that it is still processing over 1,800 pages of records responsive to Request No. 2020-013867. Ex. A at 2. CBP has therefore failed to comply with the Court's Order directing it to complete all outstanding document production by August 1. CBP's representations that it "remains committed to a comprehensive production," Ex. A at 2, do not give Plaintiff any indication as to when production will be complete. As to Request No. 2020-013867, CBP has represented that it is prepared to re-produce the master spreadsheet reflecting Reports of Investigation (ROIs) from the years covered by the Request, correcting for rows where information was previously obscured from view. But the agency has still failed to explain with specificity how it searched for responsive

ROIs to summarize in this spreadsheet. According to information Plaintiff has obtained from other sources, she believes the spreadsheet likely does not capture all ROIs for the stated period. The spreadsheet also reflects inconsistent redactions in incident dates and other information.

7. Plaintiff cannot evaluate the adequacy of CBP's search, the completeness of its production, or the sufficiency of the *Vaughn* Index without reviewing the documents that CBP has not produced. For these reasons, Plaintiff intends to submit a Motion for an Order to Show Cause on Defendant's failure to adhere to the August 1, 2026 deadline for remaining document productions in this matter. To that end, Plaintiff requests the following briefing schedule on the Motion for an Order to Show Cause:

a. Plaintiff shall file her Motion by October 23, 2026;

b. Defendant shall file its response by November 13, 2026; and

c. Plaintiff shall file her reply by December 4, 2026.

8. **Defendant's position:** The Agency has worked diligently to process and produce records responsive to both of Plaintiff's requests, having completed eight interim responses to date through continuous, good-faith rolling productions. To address the specific points raised by Plaintiff:

a. **Clarification Regarding the 654 Duplicate Pages:** Plaintiff's accounting incorrectly treats the 654 pages referenced in the Sixth Interim Response as outstanding unique records. The Agency explicitly clarifies that these 654 pages underwent processing review and were determined to be exact duplicates of records already processed and produced elsewhere in this litigation. Consequently, this batch results in zero new unique pages to produce, fully resolving that line-item.

b. **Status of Production and Definitive Timeline:** To provide complete transparency

and a definitive completion timeline for the specific records and pages at issue, the Agency commits to producing the non-exempt responsive records within the 586 pages associated with Request No. 2020-013867, at least one of the 10 associated videos (with the remaining videos continuing to be treated as a lower priority, as noted), and the non-exempt responsive records from the 611 consultation pages **on or before October 30, 2026**.

c. **Search Methodology and Master Spreadsheet:** The Agency's search for Request No. 2020-013324 (pertaining to the Border Patrol Training Academy) was diligent, comprehensive, and tailored specifically to the established parameters (covering 1990–2000 and 2013–present). The master spreadsheet was generated by systematically querying CBP internal database repositories and systems of record for all investigative files, complaints, and Reports of Investigation (ROIs) associated with the Academy. The contents of the spreadsheet reflect the complete set of records identified through those systematic queries rather than any arbitrary omission. Furthermore, to address Plaintiff's legibility concerns, the Agency has offered to reprocess the native version of this master spreadsheet to ensure all case summary text is fully readable and untruncated, subject to agreement on processing priorities.

**d. Briefing Schedule:** Because the Agency will complete the remaining production of pages at issue by October 30, 2026, an Order to Show Cause will be largely moot. However, should the Court wish to maintain a schedule while these final tranches are delivered, the Agency does not oppose the briefing schedule proposed by Plaintiff (Motion due October 23, 2026; Response due November 13, 2026; Reply due December 4, 2026).

Dated: October 1, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, D.C. 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

*Attorney for the United States*

DAVIS WRIGHT TREMAINE LLP

*/s/ Patrick J. Curran Jr.*
Patrick J. Curran Jr. (D.C. Bar No. 1023602)
Azeezat Adeleke (D.C. Bar No. 90011862)
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Ph: (202) 973-4200
patcurran@dwt.com
azeezatadeleke@dwt.com

Thomas R. Burke (admitted *pro hac vice*)
50 California Street, 23rd Floor
San Francisco, CA 94111
Ph: (415) 276-6500
thomasburke@dwt.com

*Attorneys for Plaintiff*